IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| ELIJAH RATCLIFF | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 9:05CV70 |
| vs. | § | |
| | § | |
| INDYMAC BANK, F.S.B. AS | § | |
| SUCCESSOR IN INTEREST TO | § | |
| INDYMAC MORTGAGE HOLDINGS, | § | |
| INC., F/K/A INMC MORTGAGE | § | |
| HOLDINGS, INC.; STATE OF TEXAS; | § | |
| STATE BAR OF TEXAS; EXECUTIVE | § | |
| DIRECTOR OF THE STATE BAR OF | § | |
| TEXAS; KENNETH HAMMACK, | § | |
| SHERIFF, POLK COUNTY, TEXAS; | § | |
| and CLEBURNE SWILLEY | § | |
| Defendant. | § | |

## **ORDER**

The above entitled matter was referred to the undersigned Magistrate Judge according to the provisions of 28 U.S.C. §636 (b)(1)(A). The Court issued a Report and Recommendation (Doc. #81) concluding that the default judgment entered as to defendant Indymac Bank, F.S.B ("Indymac") should be vacated. Plaintiff has filed objections (Doc. #82).

On June 9, 2005 this Court issued a Report and Recommendation (Doc. #56) advising that Plaintiff's Motion for Default Judgment (Doc. #55) against Indymac be granted, and on July 14, 2005 the District Court issued an Order Adopting the Report and Recommendation (Doc. #67). However, on August 23, 2005, it came to the Court's attention that plaintiff failed to properly serve Indymac with process, and the Court issued a Report and Recommendation (Doc. #81) advising that the default judgment be set aside. Plaintiff objects to the Report and Recommendation, arguing that

Indymac was properly served with process (Doc. #82).

## Discussion

Perfecting service of process in compliance with Fed. R. Civ. P. 4(h)(1) is a necessary procedural prerequisite to the entry of a default judgment. *Leedo Cabinetry v. James Sales & Distribution, Inc.*, 157 F.3d 410 (5th Cir. 1998). Under Fed. R. Civ. P. 4(e)(1), a plaintiff attempting to serve process on a foreign corporation operating in Texas must comply with the Texas long-arm statute. Tex. Civ. Prac. & Rem. Code Ann. § 17.041, 17.042, 17.043, 17.044, 17.045. Under Tex. Civ. Prac. & Rem. Code § 17.044 and 17.045, a plaintiff may serve process on a defendant by serving substituted process on the Secretary of State. However, it is the responsibility of the party requesting service to ensure that service is properly accomplished. *Weaver v. E-Z- Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex. App.-Texarkana, 1997, no writ); *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). If strict compliance is not shown, the service of process is invalid and of no effect. *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). The Fifth Circuit has held that a plaintiff attempting to serve process on a defendant through the Secretary of State of Texas must provide a current and correct address where defendant may be served. *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646 (5th Cir. 1988). Failure to provide a correct address prevents proper service of process, and invalidates any default judgment relying on the faulty process. *Id.* "[W]here Secretary of State's return of service contained the notation 'not deliverable as addressed,' such return was prima facie evidence that the address plaintiff provided was incorrect and that defendant was not served." *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.-Fort Worth, 2003, writ denied).

In this case, plaintiff attempted to serve Indymac by serving substituted process on the Secretary of State. However, plaintiff failed to provide the Secretary of State with a current address

for Indymac's registered agent, Prentice-Hall Corporation System Inc. ("Prentice-Hall"). On March 22, 2005 the Secretary of State forwarded process to the address plaintiff provided, and on April 4, 2004 the process was returned to the Secretary of State marked "Return to Sender." Plaintiff received a certificate confirming that process had been returned, and offers a copy of that certificate as proof that Indymac was properly served with process. In fact, the certificate is proof that Indymac was not properly served with process because it bears an incorrect address and indicates that process never reached Indymac or any of its agents. Lacking proper service, the default judgment entered against Indymac is invalid and should be vacated as discussed in this Court's Report and Recommendation (Doc. #81).

## Conclusion

The Report and Recommendation of the Magistrate Judge (Doc. #81), which contains proposed findings of fact and recommendations has been presented for consideration, and having made a de novo review of the objections raised by the plaintiff (Doc. #82), the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections by the plaintiff are without merit.

**SIGNED** this the **20** day of **September, 2005.**

_____
Thad Heartfield
United States District Judge